EASTERN DIST.
January, 1836. ·

LEWIS
vs.
LEWIS'S HEIRS.

LEWIS vs. LEWIS'S HEIRS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF
NEW-ORLEANS.

An attorney in fact of the heirs of a deceased brother, who is empowered to *compound matters* concerning the succession, has authority to compromise with a co-heir for his share, by assuming the payment on the part of the other heirs, of a note held by the co-heir against the succession, after it is barred by prescription.

This is an action on a promissory note, executed by Robert Lewis, the 4th of November, 1822, for the sum of three thousand five hundred and fifty-five dollars, in favor of his brother N. Lewis, the 'present plaintiff. The maker of the note died in New-Orleans, in 1832. Nicholas Lewis was one of the heirs, and sold his interest in the succession to C. A. Jacobs and W. M. Lambeth, who with the other heirs took possession of the property and effects of the succession. The plaintiff now claims the amount of the note sued on, from the other heirs and the transferors of his brother's estate, in their several virile portions, alleging that when he sold his share in the succession, he expressly reserved the right to enforce the payment of this note.

Lambeth and Jacobs pleaded a general denial, also denying that the plaintiff held the note in good faith, and gave a valuable consideration therefor, putting him on strict proof of all the matters denied and charged in the defence. They also opposed the plea of the prescription of five years.'

The heirs of Lewis, deceased, averred their willingness to submit the case on such testimony as may be produced by the plaintiff, in support of his claim, and further aver, that said claim is barred by prescription.

*J. Slidell, Esq.*, witness for plaintiff, stated, that some doubts were entertained of the validity of a bequest made by the deceased, in favor of N. Lewis, the present plaintiff, in

consequence of which he expressed a willingness to yield all claims under the will, on his brother's estate, provided his other demands on it, arising out of this note, and another held by him were recognised; the note on its face being barred by prescription, such recognition was considered necessary to secure the payment of it to him. Howell Lewis, one of the heirs and acting as attorney in fact for the rest and for himself, assented to this, recognised the note as valid, and as an existing claim against the succession, and promised that it should be paid. The witness identified the note.

Jacobs and Lambeth wrote to the plaintiff, under date of May 12th, 1834, as follows : " The act which you passed in our favor for your share in your late brother's estate, is not intended to preclude any claim you may have against it, by reason of a note of his which you say you are the holder of. At the same time, we make no acknowledgement of the said claim, and reserve to ourselves all legal objections so far as we are concerned."

The powers of attorney under which Howell Lewis acted. on behalf of the other heirs, contained a clause authorising, him " to take all lawful means to recover and receive from any person whatsoever in the state of Louisiana, all sums of money, debts, legacies, inheritances, &c. which may be due and owing to us," &c. " and in our names to recover by suit or otherwise, *and to compound and agree for the same, &c.*" These powers were offered in evidence in support of the action. Upon these pleadings, and this testimony on the part of the plaintiff, the cause was submitted to the judge of probates.

The defendants showed that another note of three thousand five hundred and thirteen dollars was given by the deceased to N. Lewis, in 1829, on a settlement which they infer was in lieu of the one sued on.

Judgment was rendered in favor of the plaintiff, for the amount of his claim. The defendants, Lambeth and Jacobs, appealed.

*Slidell*, for the plaintiff.

1. The proof of failure of consideration lay with the defendant; he could not throw the burden of proof on plaintiff by calling upon him to establish the consideration. 8 *Martin's Reports*, 161.  4 *Louisiana Reports*, 220.

2. The abandonment of the pretensions of Nicholas Lewis, in favor of the heirs *ab intestato*, was in itself a sufficient consideration, and was so considered by all the parties interested.

3. Their promise and acknowledgement established by the testimony referred to, disposes of the defendant's plea of prescription; it was made before the sale to Lambeth and Jacobs, and binds them for their proportion.    The other heirs have not appealed.

*L. C.* and *G. Duncan*, for the appellants.

1. The testimony of the defendants, identifies the note executed in 1829, and which has been paid by the executor of R. Lewis, with the one sued on.   Besides, in their answer, the defendants required the plaintiff to prove the consideration of this note, and his failure to administer this proof entitles the defendant to judgment.    *Bailey on Bills*, 318 *and* 350. *Chitty do.* 445.

2. The testimony of Mr. Slidell does not sufficiently establish the assumpsit by all the heirs who sold to Lambeth and Jacobs, of the note in question.   Its identity and validity is not sufficiently established by the testimony of a single witness, without other corroborating circumstances. *Louisiana Code*, 2257, 2965.

3. The plea of prescription is clearly with the defendants. The note is dated in 1822, and the final settlement between the plaintiff and his deceased brother, is shown by the testimony to have taken place in May, 1829, and this suit was not commenced until November, 1834.

*Mathews, J.*, delivered the opinion of the court.

This suit is based on a note of hand, given by the ancestor of the defendants, to the plaintiff.   This note was barred by prescription at the time when a compromise or transaction

Eastern Dist.
January, 1836.

took place between N. Lewis, who was legatee in the will of his brother, Robert, for a large amount, and the rest of the heirs of the said Robert, in which he agreed to abandon his claim as legatee, on condition that he should receive payment of the note now sued on amongst other claims which he had against his brother's succession. He obtained judgment in the court below, from which the defendants appealed.

That the heirs had a right to assume the payment of this note (being at the time of the assumpsit barred by prescription) there can be no doubt ; and according to the evidence, there is as little doubt, that through the agency of their relation, Howell Lewis, they did assume to pay it.

An attorney in fact of the heirs of a deceased brother, who is empowered to compound matters concerning the succession, has authority to compromise with a co-heir for his share, by assuming the payment on the part of the other heirs, of a note held by the co-heir against the succession, after it is barred by prescription.

The only question is, whether their attorney in fact had authority to act for them in relation to the compromise, as he assumed to do, touching this note. He was authorised by the power of attorney to compound matters concerning the succession of his brother, and under this impression we are of opinion that he had a right to transact for his constituents and make the assumpsit which he did, especially when we take into view that the rights and claims of the plaintiff, as legatee of his brother Robert, were doubtful.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.